FROM CAMDEN.
"Ordered, that Jesse McCoy pay unto Elizabeth McPherson the sum of ten pounds for the first year's support of a bastard child charged by the said Elizabeth to the aforesaid Jesse, and in default of payment, that execution to enforce the collection thereof issue, etc."
The defendant objected — First, that this entry was not the entry of a judgment on which execution could issue. Second, That there was no proof of notice to the defendant according to the act of 1799 (Rev., ch. 531); and third, that the whole proceeding was unconstitutional, irregular, and void.
A verdict was taken for the plaintiff subject to the opinion of the Court upon the points made for the defendant. Afterwards his Honor, Judge MANGUM, gave judgment according to the verdict, and the defendant appealed.
The plaintiff has set forth a sufficient order against the defendant, upon which an execution could legally be issued, provided the perequisites [prerequisites] to making such order had been (392) complied with. The act of 1740 (Rev., ch. 30, sec. 10) declares that the reputed father of any bastard child, when ascertained, shall stand charged with the maintenance of the same, as the County Court shall order, and shall give security to the justices of said Court to perform the said order, and to indemnify the parish.
The act of 1799 (Rev., ch. 531) declares that when any person shall be charged as the reputed father of any bastard child, and shall refuse or neglect to pay the amount due therefor, as ascertained and allowed by the County Court, it shall be lawful for such Court, on notice served on such defendant at least ten days before the sitting of such Court, or such notice being returned by the sheriff of the county, that the defendant is not to be found, to order an execution to issue against the goods and lands of the reputed father sufficient to discharge the amount adjudged by the Court for the maintenance of the bastard child.
The objection in the present case is that the defendant is not shown to have ever been chargeable with the maintenance of the bastard child in question; that it does not appear that any process ever issued against him to make him answerable for such maintenance, and that it has not been made to appear that ten days' notice was given to him, or any process issued to the sheriff for that purpose, that the execution was about to issue against him. These requisites of the act may have been faithfully observed before execution issued. If such has been the case, *Page 252 
it might be easily proved. If it was omitted, the execution issued very improperly; for it is a fundamental principle not to be dispensed with that no citizen shall be deprived of his property without being heard in his own defense. There are other objections made, relating (393) to the rights of the lessors of the plaintiffs, which I think it unnecessary to decide.
PER CURIAM. Reversed.